VALENA BLEIDT *v.* 555, INC.

5-6123                                      489 S.W. 2d 235

Opinion delivered January 15, 1973

[Rehearing denied February 12, 1973.]

*Boyett & Martin, P. A.,* by: *Denny P. Petty,* for appellant.

*Glenn F. Walther* and *Eichenbaum, Scott, Miller, Crockett & Bryant,* for appellee.

CONLEY BYRD, Justice. Valena Bleidt appeals from an order holding that an open account owed by H.L.B. Enterprises, Inc. was protected by a security agreement. Mrs. Bleidt, a lien creditor of H.L.B., Enterprises, Inc. also complains of the allowance of an attorney's fee based in part upon the open account.

The record shows that January 9, 1970, H.L.B. Enterprises, Inc. executed an installment note in the principal amount of $10,000 payable to 555 Inc. The security agreement executed in connection with the note provides:

"The security interest granted hereby is also to secure the payment of open account purchases by the Debtor from the Creditor, *as hereinafter required.* [Emphasis ours].

.   .   .

"The Debtor agrees to maintain at all times an inventory of merchandise. . . which was purchased from or through the Creditor, the cost price of which shall not be less than the unpaid principal balance of the note hereinabove mentioned. The Debtor agrees that any monthly current purchases deemed necessary to keep inventory to required figures and charged on separate monthly account will be paid promptly on the 10th day of each month, and failure to make such monthly settlement shall constitute breach of this Agreement and Creditor may declare the entire unpaid balance of said Note due and payable.   .   .

.   .   .

"The Debtor agrees to purchase from the Creditor all his requirements for maintaining his inventory, regardless of brand, if such requirements can be furnished from lines normally carried by Creditor. Debtor also agrees not to stock any lines competitive to any lines distributed by Creditor. Failure of the Debtor to comply with this provision shall give the Creditor the right to mature the unpaid balance of the said Note."

Appellant argues that under the terms of the Security agreement, the only thing secured is the unpaid balance of the note. We do not so construe the agreement. The phrase "as hereinafter required" when used in connection with open account purchases, in our opinion, refers not only to the requirement that the inventory be maintained at not less than the unpaid balance of the note

but also to the requirement that the Debtor purchase its inventory requirements from 555 Inc. Consequently on this issue we affirm the trial court.

The record shows that the trial court in awarding attorney's fees, in the amount of $1,704.18 did so upon the basis of 10% of the unpaid balance of the note ($2,-643.73) and the unpaid open account ($14,397.63). This was error. Ark. Stat. Ann § 68-910 (Repl. 1957), limits the enforcement of a provision for attorney fees to those contained in a promissory note. Consequently the trial court erred in allowing attorney fees in excess of $264.37 (10% of $2,643.73) and the judgment must be reversed to that extent.

Reversed in part and remanded for entry of a decree not inconsistent with this opinion. All costs to be assessed against appellee.